**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Brandi Burks,

            Plaintiff,

vs.

Kiari Cephus,

            Defendant.

Case No. 2:26-cv-01228-GMN-MDC

**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 2)**

Pending before the Court is pro se plaintiff Brandi Burks' Application to Proceed in Forma Pauperis ("IFP") (ECF No. 2). The Court **DENIES** the IFP application without prejudice. Plaintiff must either file a Long Form IFP application OR pay the full filing $405 fee by **July 15, 2026**.

**DISCUSSION**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefore." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 878 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 336 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. *See, e.g., Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district

1

court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145 at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an IFP application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 445-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. *See, e.g.*, *Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 2:15-cv-01370-MMD-PAL, 2016 WL 7493981, at *3 (D. Nev. November 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493963 (D. Nev. December 30, 2016).

## **ANALYSIS**

The Court finds that it cannot determine plaintiff's IFP status at this time. Plaintiff filed a Short Form IFP application (ECF No. 2); however, it contains inconsistencies and deficiencies. Foremost, plaintiff states that she is incarcerated at "industry Star Rapper" despite filing a Short Form application for non-incarcerated persons and listing a home address for her contact block in the Complaint. *ECF No.*

*2* at 1, *ECF No. 2-1* at 2. Plaintiff then lists that her gross pay is $1,388, but lists her take-home pay as $0 and fails to clearly specify the exact time period in which she earns her pay. *ECF No. 2* at 1. She must clarify how she earns no take-home pay and the pay she earns within a specified time-period (*e.g.*, weekly, monthly, etc.). Plaintiff checked both "yes" and "no" when answering if she received disability or worker's compensation payments and indicated that she receives food stamps for herself and her children while not clarifying how much they receive within a specified time-period. *Id.* She must clarify if she or her children receive any benefit payments and if so, state the amount they each receive within a specified time-period.

Plaintiff also indicated that she has $7,686 in school loans but otherwise lists no other sources of regular monthly expenses like rent or utilities. *Id.* at 2. She must clarify her living situation, how much she pays on school loans per month, and if she pays for any other regular monthly expenses. Moreover, plaintiff did not answer if she owned any assets of value in question 5. *Id.* She must provide an explanation for all her answers so that the Court can properly determine if she qualifies for IFP status. Therefore, the Court finds it cannot make a determination of plaintiff's IFP status at this time. However, the Court will give plaintiff another opportunity to file her IFP application. If plaintiff wishes to proceed IFP, plaintiff must complete the Court's Long Form IFP application responding to the Court's request for clarification and additional information made by this order. Plaintiff also cannot leave questions blank without further explanation.

Further, the Court has received notice that several filings in this case were not deliverable at the address currently provided by plaintiff on the docket. *See ECF Nos. 1*, *2*, *4*, *5*. It appears that the home address she listed in the Complaint may not exist. *See ECF No. 2* at 1. Therefore, plaintiff must provide a notice of change of address no later than **June 29, 2026**. Failure to do so may result in the Court recommending dismissal of the case. *See* LR IA 3-1 (An attorney or pro se party must immediately file

with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. Failure to comply with this rule may result in the dismissal of the action....).

ACCORDINGLY,

**IT IS ORDERED that:**

1. The IFP application (ECF No. 2) is **DENIED WITHOUT PREJUDICE**.

2. Plaintiff must either: (1) file a Long Form IFP application, curing the deficiencies noted in this Order, **or** (2) pay the full $405 filing fee by **July 15, 2026.**

3. Plaintiff must provide a notice of change of address no later than **June 29, 2026**. The Clerk of Court is directed to serve this Order to plaintiff's listed physical address at 1178 Orchard View Street Las Vegas, NV and email at BurkBrandi33@gmail.com.

4. Failure to timely comply with this Order may result in a recommendation that this case be dismissed.

DATED: June 15, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.